IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION



| | |
|---|---|
| ORA COLEMAN; and<br>LINDORA COLEMAN | PLAINTIFFS |
| VERSUS | CAUSE NO. 2:14cv185DPJ-FKB |
| MARION COUNTY;<br>BERKLEY HALL, in his official capacity<br>as Sheriff of MARION County;<br>JOHN DAVID VAUGHAN, in his individual capacity<br>And official capacity as a Marion County Sheriff Deputy. | DEFENDANTS |

## COMPLAINT

COMES NOW, Ora Coleman and Lindora Coleman, hereinafter "Colemans," by and through undersigned counsel, and makes this, their Complaint against named Defendants, and would show unto the Court the following, to wit:

### PARTIES

1. Plaintiffs, husband and wife, are resident citizens of Marion County, Mississippi who may be contacted through undersigned counsel.

2. Defendant Sheriff Berkley Hall is the chief law enforcement officer of Marion County, Mississippi responsible for the actions of his law enforcement officers and is sued in his official capacity only and may be served with process at 219 Broad Street, Columbia, Mississippi 39429.

3. Defendant Marion County is a governmental entity organized and authorized by the laws of the State of Mississippi who may be served with process through Cass Barnes, Marion County Chancery Clerk, and may be served at 215 Broad Street, Columbia Mississippi, 39429.

4. John David Vaughan is a Marion County Sheriff Deputy who may be served with process at 219 Broad Street, Columbia, Mississippi 39429.

## JURISDICTION AND VENUE

5. Venue is proper pursuant to Miss. Code Ann. § 11-11-3 because substantial acts and omissions which caused the injury occurred in Marion County, Mississippi, and because the action against governmental entities must be commenced in the county where the entities are located. The misconduct complained of herein arose in Marion County, Mississippi. Jurisdiction of the parties and of the subject matter of this action are proper in this Court.

6. This action is authorized by 42 U.S.C. § 1983 and made pursuant to the 4th and 14th Amendments to the United States Constitution.

## FACTUAL ALLEGATIONS

7. On November 17, 2013 the Colemans came to a roadblock at the intersection of Hwy 35 and Mt Carmel Road in Marion County Mississippi.

8. When Mr. Coleman stopped at the road block, he was asked to get out of his vehicle so that Deputy Vaughan could administer a breath test.

9. Mr. Coleman attempted to blow two separate times into the breathalyzer, however, neither attempt registered on the machine.

10. Mr. Coleman was asked to blow a third time and Mr. Coleman questioned why he had to keep blowing if the machine was not functioning properly. At this time a Deputy fired his tazer at Mr. Coleman, but missed, and struck Mrs. Coleman, who was sitting quietly in the truck causing Mrs. Coleman extreme pain and distress.

11. These hostile actions by Deputy Vaughan and others frightened the Colemans, and Mr. Coleman jumped back into his vehicle, and began to back away from the road block.

12. As Mr. Coleman began to back away, the deputies began to open fire at the Colemans truck, striking the truck and flattening Mr. Coleman's tire. Bullets were pulled from the Coleman's vehicle.

13. As the Colemans were fleeing for their life, an unmarked truck pulled into the roadway attempting to block Mr. Coleman's exit. Mr. Coleman attempted to avoid the truck, but was unable to maneuver around the truck, and Mr. Coleman struck what has now been identified as "Marion 501."

14. Deputy Vaughan, while giving chase to the Colemans, opened fire on the Colemans a second time, this time the deputy was aiming at the driver side of the vehicle.

15. The Colemans then parked their truck in a wooded area in close proximity to where the deputies placed Mr. Coleman under arrest.

16. The deputies then extracted the tazer prongs from Mrs. Coleman, which had been lodged in Mrs. Coleman as a result of Mrs. Coleman having been shot by the tazer.

17. At no time prior to being tazed did the Colemans place any identifued officer in danger. Any exigent circumstances were create by the actions and negligence of the deputies who used excessive and deadly force in pursuing the Colemans after the Colemans left a roadblock.

18. Mr. Coleman was arrested and charged with felony fleeing and eluding an officer and with assault upon an officer. These charges stem from the exigent circumstances created by the Defendants and from the Colemans fleeing the Defendants' use of excessive force upon Plaintiffs.

## ALLEGATIONS OF LAW

19. Plaintiff incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

20. All acts of the Defendants were under the color and pretenses of the ordinances, policies, practices, customs, regulations, usages and/or statutes of the United States Government, the State of Mississippi and Marion County.

21. The Sheriff, acting in his official capacity as head law enforcement official with the Marion County Sheriff's Department, is an official capable of ratification and establishing the policy and custom of Defendants.

22. It is the custom and policy of all Defendants to violate the procedural and substantive due process rights of individuals.

23. By allowing his deputies to use deadly force in the pursuit of the Colemans, Sheriff Hall has ratified and allowed the actions of the deputies in this action.

24. It is the custom and policy of all Defendants to violate the search and seizure rights of citizens in and around the area of Marion County where the unlawful seizure of the Colemans occurred.

25. It is the policy and practice of the Defendants to violate the civil rights of in and around the area of Marion County where the unlawful seizure occurred.

26. It is the policy and custom of Defendants to falsely arrest citizens in the area of Marion County where the unlawful seizure occurred.

27. Defendants did not have reasonable suspicion and/or probable cause to seize the property and person of Mr. Coleman on November 17, 2014.

28. Defendants did not follow their own policy or procedure in searching, arresting, booking, and holding Mr. Coleman.

29. Defendants failed to train and/or supervise their subordinates to prevent the actions described herein, said failures causing the Constitutional deprivations as complained of herein. .

30. Defendants' actions were in bad faith and were intended and designed to punish Plaintiffs.

31. At all times relevant to this action, Plaintiff's rights were clearly established. At all times relevant to this action, Defendants violated Plaintiff's constitutional rights.

32. Defendants' actions evidence malice and/or constitute willful misconduct.

33. As a result of Defendants' actions, Plaintiff has suffered humiliation, embarrassment, loss of reputation and had their liberty and privacy interests severely impacted.

### COUNT I IN VIOLATION OF 42 U.S.C. 1983
### Fourth Amendment/Fourteenth Amendment – Unlawful Seizure

34. Plaintiff incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

35. The unlawful actions of the Defendants, as alleged herein, constituted an intrusion into Plaintiffs' right to be free from an unlawful seizure of their person.

36. Defendants had an affirmative duty to prevent such intrusions.

37. Defendants, acting without authority, knowingly conducted an illegal seizure and the use of excessive force, and resulting in Plaintiffs' unlawful seizure and incarceration.

38. Defendants, acting knowingly, maliciously, willfully and wantonly, and evincing a complete and utter disregard for the rights of the Plaintiff, unlawfully stopped and seized Plaintiff despite lacking any reasonable suspicion or probable cause.

39. Plaintiff has an established constitutional right to be free from an unlawful search, seizure and confinement.

40. As a direct and proximate cause of Defendants' actions, Plaintiff's rights, as guaranteed by the Fourth and Fourteenth Amendments, were injured.

WHEREFORE Plaintiff prays for relief against all Defendants as set forth below.

## COUNT II IN VIOLATION OF 42 U.S.C. 1983
### Fourth Amendment/Fourteenth Amendment – Unlawful Search

41. Plaintiff incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

42. The unlawful actions of Defendants, as alleged herein, deprived Plaintiff of his rights to be free from an unlawful search.

43. As a direct and proximate cause of Defendants' actions, Plaintiff's rights, as guaranteed by the Fourth and Fourteenth Amendment, were injured.

WHEREFORE Plaintiff prays for relief against all Defendants as set forth below.

## COUNT III IN VIOLATION OF 42 U.S.C. 1983
### Fourth Amendment/Fourteenth Amendment – False Imprisonment

44. Plaintiff incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

45. The unlawful actions of Defendants, as alleged herein, deprived Plaintiff of his rights against false imprisonment and malicious prosecution.

46. Defendants recklessly, knowingly, intentionally, willfully and wantonly arrested and falsely imprisoned Plaintiff with the understanding that there was no lawful arrest made of the Plaintiff.

47. No reasonable officer in Defendants' position, with the information each had in his or her possession when seeking the search and arrest of Plaintiff, would have found that the stop was constitutional.

48. Based on the acts described herein, the process by which Plaintiff was wrongfully searched, arrested and confined was so wholly lacking in the concept of justice in a civilized society, that Plaintiff was never actually provided legal process and, therefore, were falsely imprisoned by Defendants.

49. Defendants, Marion County, and the Marion County Sheriff's Department, as supervisors of Defendants, respectively, recklessly, knowingly, intentionally, willfully and wantonly, participated in, knew of, condoned and/or approved the wrongful acts of Defendants described herein, with the intent and understanding to bring about Plaintiff's unconstitutional arrests, search, and confinement.

50. As a direct and proximate cause of Defendants' actions, Plaintiff's rights, as guaranteed by the Fourth and Fourteenth Amendments, were injured.

WHEREFORE Plaintiff prays for relief against all Defendants as set forth below.

### COUNT V IN VIOLATION OF 42 U.S.C. 1983
### Excessive Force in Violation of the Fourteenth Amendment

51. Plaintiff incorporates by reference each of the preceding paragraphs as though fully restated herein.

52. On November 17, 2013 the Defendants used excessive force upon the Plaintiff during an unlawful seizure, and violated Plaintiff's right to bodily integrity.

53. Plaintiff has a constitutional right to bodily integrity and to be free from the use of excessive force and outrageous and unreasonable force, which shocks the conscience and offends traditional notions of decency.

54. Plaintiff has a right to be free from the use of deprivation of life and liberty without due process of law.

55. Plaintiff's rights were clearly established and violated by the Defendants' actions as described herein.

### COUNT VI IN VIOLATION OF 42 U.S.C. 1983
### State Law Claims

56. Plaintiff incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

57. Plaintiff served the Defendants with notice of this action pursuant to the Mississippi Tort Claims Act and Defendants have denied Plaintiffs' claims. (**Exhibit A**, Notice of Claim).

58. The actions of all Defendants named and described supra constitute the torts of negligence, gross negligence, trespass, excessive force, assault, battery, defamation, negligent training, negligent supervision, malicious prosecution, harassment, conspiracy, outrage, failure to provide medical treatment, and false imprisonment.

WHEREFORE Plaintiff prays for relief against all Defendants as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

1. Assume jurisdiction over this action;

2. Declare that Defendants' actions, as herein described, violated Plaintiff's constitutional rights under the First, Fourth and Fourteenth Amendments to the United States Constitution

3. Appropriate equitable relief including but not limited to prospective injunctive relief, declaratory and other injunctive remedies;

4. Award Plaintiff nominal and actual damages for Defendants violation of their constitutional and statutory rights;

5. Awards Plaintiff compensatory damages, including, but not limited to, those for past and future pecuniary and non-pecuniary losses, emotional distress, suffering, loss of reputation, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;

6. Punitive damages for all claims allowed by law in an amount to be determined at trial;

7. Pre-judgment and post-judgment interest at the highest lawful rate;

8. Award Plaintiff his costs of litigation, including reasonable attorney's fees and expenses, pursuant to 42 U.S.C. sec. 1988 and/or 20 U.S.C. sec. 1400 et seq.; and

9. Grant such other relief to which Plaintiff may be entitled or as this Court deems necessary and proper.

RESPECTFULLY SUBMITTED this the 18th day of November 2014.

                                    **ORA COLEMAN and**
                                    **LINDORA COLEMAN**
                                    **PLAINTIFFS**

                                    _____
                                    DANIEL M. WAIDE, MSB #103543

Daniel M. Waide, (MSB#103543)
Johnson, Ratliff & Waide, PLLC
1300 HARDY ST.
PO BOX 17738
HATTIESBURG, MS 39404
601-582-4553 (OFFICE)
601-582-4556 (FAX)
dwaide@jhrlaw.net